UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BIENVENIDO ORTIZ, both individually and on
behalf of all other similarly situated persons,

    Plaintiffs,

-against-

PRESTIGE KITCHEN DESIGN, INC., and
MICHAEL AMAR, an individual,

    Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 10-5728

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★    JAN -2 2012    ★

LONG ISLAND OFFICE

APPEARANCES:

The Law Office of Borelli & Associates, P.L.L.C.
By: Ian S. Henderson, Esq.
1010 Northern Boulevard, Suite 328
Great Neck, NY 11021
Attorneys for Plaintiffs

Christopher Thompson, Esq.
33 Davison Lane East
West Islip, NY 11795
Attorney for Defendants

WEXLER, District Judge:

    In this action claiming violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("Labor Law"), plaintiff[1] Bienvenido Ortiz ("Plaintiff") moves for summary judgment on the First, Second and Third causes of action of his complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. Those claims allege failure to pay overtime in violation of the FLSA and the Labor Law, and failure to pay the statutorily required "spread of hours" pay under 12 NYCRR § 142.24.

---

[1] While this case was originally styled as a collective action, Plaintiff Ortiz is the sole plaintiff.

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis in original). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth " 'concrete particulars' " showing that a trial is needed. R.G. Group,

Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

The court has reviewed the parties' submissions and concludes that issues of fact preclude the entry of summary judgment with respect to Plaintiff's claims. Various issues of fact exist, including, *inter alia,* whether Plaintiff is covered by the FLSA, whether sufficient compensation was received, and whether Plaintiff has already released Defendants for these claims. See Docket # 25, Order Denying Defendants' Motion for Summary Judgment. Accordingly, Plaintiff's motion for summary judgment is denied. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Reiseck v. Universal Communications of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The denial of the motion is without prejudice to renew with respect to some or all of the claims at the close of Plaintiff's case.

Jury selection for the trial of this matter is ordered for January 7, 2013 at 9 a.m.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
January 2, 2013