

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BIENVENIDO ORTIZ, both individually and on
behalf of all other similarly situated persons,

        Plaintiffs,

   -against-

PRESTIGE KITCHEN DESIGN, INC., and
MICHAEL AMAR, an individual,

        Defendants.
------------------------------------------------------------X
APPEARANCES:

The Law Office of Borelli & Associates, P.L.L.C.
By: Michael J. Borelli, Esq.
    Alexander T. Colemen, Esq.
1010 Northern Boulevard, Suite 328
Great Neck, NY 11021
Attorneys for Plaintiffs

Christopher Thompson, Esq.
33 Davison Lane East
West Islip, NY 11795
Attorney for Defendants

MEMORANDUM AND ORDER

CV 10-5728

(Wexler, J.)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    SEP 23 2013    ★

**LONG ISLAND OFFICE**

WEXLER, District Judge:

    Plaintiff Bienvenido Ortiz ("Plaintiff") brought this action[1] claiming Defendants' failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("Labor Law"), failure to pay the statutorily required "spread of hours" pay under 12 NYCRR § 142.24,[2] and claims for retaliation and assault. Following a four day trial,

---

    [1]While this case was originally styled as a collective action, Plaintiff Ortiz was the sole plaintiff.

    [2]The Plaintiff did not pursue this claim during the trial.

the jury returned a verdict in Plaintiff's favor on the FLSA and Labor Law claims in a total amount of $3,535.25. The jury found that the Plaintiff did not prove its claim for retaliation and assault. Plaintiff now moves this Court for liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees in the amount of $211,561.67 and costs in the amount of $9,022.91.

## DISCUSSION

The FLSA and the Labor Law provide for an award of reasonable attorneys' fees and costs. See 29 U.S.C. § 216(b); N .Y. Lab. L. § 198(4). Plaintiff here seeks attorneys' fees in the amount of $211,561.67 and costs of $9,022.91. In support of his motion, Plaintiff provides time records consisting of two pages generated by a billing management software program listing the number of hours billed by each attorney or staff member. See Declaration of Michael J. Borelli, Esq., ("Borelli Dec."), Exhibits F & G. Plaintiff states that these records are "contemporaneous detailed time records" but they do not contain specific dates or descriptions of the work performed. Ex. H is the "entirety" of the billing statements for this case. Borelli Dec., at 6. In total, Plaintiff seeks attorneys fees for 750.78 hours[3] that were "expended towards the claims on which he was ultimately successful." See Memo In Support, at 13.

1.   Legal Standards

According to the Second Circuit, the "district court retains discretion to determine ... what constitutes a reasonable fee." Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011),

---

[3]This total number of hours consists of the 731.18 hours requested in Plaintiff's initial motion papers, see Borelli Dec., at 7; Memorandum In Support of Plaintiff's Motion ("Memo In Support"), at 13, and the additional 19.60 hours Plaintiff requests in his reply papers, reflecting time spent primarily on the instant motion. See Reply Declaration of Michael Borelli, Esq., Exhibit 1.

-2-

quoting LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir.1998). Both this Circuit and the Supreme Court have held that a presumptively reasonable fee is created by the lodestar method of multiplying a reasonable number of hours by a reasonable hourly rate. Millea, at 166 (citations omitted).

It is clear that the number of hours recovered should only be those spent on the claims for which fee-shifting is appropriate. As the Second Circuit has said, "[h]ours spent solely on common law claims and statutory claims not subject to fee-shifting must be excluded to reflect the default rule that each party must pay its own attorney's fees and expenses." Id., at 168 (citations omitted). Otherwise, Plaintiffs could "inject frivolous or borderline frivolous fee-shifting claims into a litigation in order to collect attorneys' fees on claims for which fee-shifting is not available." Id. Similarly, "[h]ours spent on unsuccessful fee-shifting claims, like those spent on claims wholly ineligible for fee-shifting, must be excluded from the reasonable hours spent on the case when calculating the lodestar." Id.

Thus, it is axiomatic that the attorney making the fee application provide the court the detail necessary to determine what is a "reasonable fee" under the lodestar method. Indeed, the Second Circuit mandates that an attorney submit contemporaneous records with their fee applications. See Scott v. City of New York, 643 F.3d 56, 57-58 (2d Cir. 2011) (review of attorney fee application on a FLSA claim), reiterating New York State Ass'n for Retarded Children v. Carey, Inc., 711 F.2d 1136 (2d Cir.1983) (absent unusual circumstances, attorneys are required to submit contemporaneous records with fee applications). This is particularly important in a case such as this, where the Plaintiff was successful on his FLSA and Labor Law claims - for which he is entitled to his attorneys' fee, but not successful on his retaliation or

assault claims - for which no attorneys' fee can be recovered.

2. Disposition of the Motion

Plaintiff here appears to concede that he is not entitled to recover fees for the claims on which he is unsuccessful, yet he also has submitted the billing record for the entire case and seeks fees for 750.78 hours. Plaintiff's counsel states that the claims for which he was not successful were "unbilled" – yet there is no explanation of what exactly that means or how that translates into specific time spent on this matter for the different claims. In light of this, and the Court's need for further information to determine a reasonable fee in this case, the Court denies Plaintiff's motion without prejudice to renew in a form that contains the following additional information:

(1) actual contemporaneous records of all billing related to this case to determine how much time was spent on the recoverable claims versus the non-recoverable claims;

(2) any records reflecting what, if any, payments the Plaintiff himself has made to his attorneys on this case.

In addition, the Court further orders both Plaintiff and Defendants to provide the Court all information concerning what, if any, offers or demands were made in this case, and at what juncture in the litigation. Plaintiff's renewed motion and Defendants' submission are to be filed by October 28, 2013. The Court will thereafter hold a hearing on this matter, on November 7, 2013. The Court will address Plaintiff's request for liquidated damages, pre-judgment and post-judgment interest and costs in connection with Plaintiff's renewed motion.

## CONCLUSION

Plaintiff's motion for liquidated damages, pre-judgment and post-judgment interest, attorneys' fees and costs is denied without prejudice to renew in a form containing the information outlined above. Plaintiff's renewed motion and Defendants' submission are to be filed by October 28, 2013. The Court will thereafter hold a hearing on this matter on November 7, 2013 at 9:30 am.

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
September 23, 2013